UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MISTI LEON, as personal representative of the ESTATE OF JULIANA LEON, a deceased individual,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION; BP P.L.C.; BP AMERICA INC.; OLYMPIC PIPE LINE COMPANY LLC; CHEVRON CORPORATION; CHEVRON U.S.A. INC.; SHELL PLC; SHELL U.S.A., INC.; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; and PHILLIPS 66 COMPANY,<br><br>Defendants. | Case No. 2:25-cv-1190<br><br>NOTICE OF REMOVAL<br><br>[Removal from the Superior Court of the State of Washington, King County, Cause No. 25-2-15986-8 SEA]<br><br>Action Filed: May 29, 2025 |

NOTICE OF REMOVAL

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

Gibson, Dunn & Crutcher LLP

PLEASE TAKE NOTICE THAT Defendants Chevron Corporation and Chevron U.S.A. Inc. (together, the "Chevron Defendants") remove this action—with reservation of all defenses and rights—from the Superior Court of Washington for King County, Case No. 25-2-15986-8 SEA, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. All other defendants that have been properly joined and served (collectively, "Defendants") have consented to this Notice of Removal.

This action is removable because the requirements of 28 U.S.C. § 1332 for diversity jurisdiction are met. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over any claims for which it does not otherwise have federal jurisdiction because they form part of the same case or controversy as those claims over which the Court has jurisdiction.

NOTICE OF REMOVAL

i

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

Gibson, Dunn & Crutcher LLP

# TABLE OF CONTENTS

|     |                                                                                                                                                                              | Page |
| --- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ---- |
| I.  | INTRODUCTION                                                                                                                                                                 | 1    |
| II. | TIMELINESS OF REMOVAL                                                                                                                                                        | 2    |
| III.| SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL                                                                                                                               | 2    |
| IV. | THE ACTION IS REMOVABLE BECAUSE THE ONLY ALLEGED WASHINGTON DEFENDANT IS FRAUDULENTLY JOINED AND PROCEDURALLY MISJOINED, AND THUS THERE IS COMPLETE DIVERSITY                | 4    |
| V.  | THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER                                                                                                                            | 10   |

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL

ii

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City & County of Honolulu v. Sunoco LP*,
 39 F.4th 1101 (9th Cir. 2022).................................................................................................1

*City of Oakland v. BP PLC*,
 2023 WL 8179286 (9th Cir. 2023)..........................................................................................1

*City of Oakland v. BP PLC*,
 969 F.3d 895 (9th Cir. 2020)...................................................................................................1

*County of San Mateo v. Chevron Corp.*,
 32 F.4th 733 (9th Cir. 2022).....................................................................................................1

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
 574 U.S. 81 (2014).............................................................................................................4, 10

*Grancare, LLC v. Thrower by and through Mills*,
 889 F.3d 543 (9th Cir. 2018)....................................................................................................7

*Green v. Wyeth*,
 344 F. Supp. 2d 674 (D. Nev. 2004).................................................................................9, 10

*Hamilton Materials, Inc. v. Dow Chem. Corp.*,
 494 F.3d 1203 (9th Cir. 2007)..................................................................................................7

*Hammarlund v. C.R. Bard, Inc.*,
 2015 WL 5826780 (C.D. Cal. Oct. 2, 2015).........................................................................10

*Hunter v. Philip Morris USA*,
 582 F.3d 1039 (9th Cir. 2009).............................................................................................7, 8

*McCabe v. General Foods Corp.*,
 811 F.2d 1336 (9th Cir. 1987)..................................................................................................7

*Morris & Co. v. Skandinavia Ins. Co.*,
 279 U.S. 405 (1929).................................................................................................................2

*Morris v. Princess Cruises, Inc.*,
 236 F.3d 1061 (9th Cir. 2001).............................................................................................5, 7

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
 303 U.S. 283 (1938).................................................................................................................4

*Tapscott v. MS Dealer Serv. Corp.*,
 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office
 Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)..........................................................................9

*Wise v. Long*,
 668 F. Supp. 3d 1145 (W.D. Wash. 2023)...............................................................................5

NOTICE OF REMOVAL

iii

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

*ZYZZX 2 v. Wells Fargo Bank, N.A.*,
   715 F. App'x 610 (9th Cir. 2017) ...........................................................................................8

**Statutes**

28 U.S.C. § 1332(a) ..............................................................................................................10

28 U.S.C. § 1332(c)(2) ............................................................................................................5

28 U.S.C. § 1441(a) ..............................................................................................................11

28 U.S.C. § 1446(b) ................................................................................................................2

28 U.S.C. § 1446(b)(2)(A) ................................................................................................2, 11

28 U.S.C. § 1446(d) ..............................................................................................................11

**Other Authorities**

*Olympic Pipe Line Company Pipeline Specifications Manual*, Olympic Pipe Line
   Company, September 10, 2024, https://www.bp.com/content/dam/bp/country-
   sites/en_us/united-states/home/documents/products-and-
   services/pipelines/tariffs/specificationsmanual.pdf ................................................................6

**Rules**

Fed. R. Civ. P. 20(a)(1)(A) .....................................................................................................9

Washington Superior Court CR 20(A) ...................................................................................9

**Treatises**

14B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3702.1
   (4th ed. 2020) ........................................................................................................................4

Gibson, Dunn &
Crutcher LLP

NOTICE OF REMOVAL

iv

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

## I. INTRODUCTION

1. Oil and gas play a fundamental role in the Nation's economic well-being and national security, and hundreds of millions of Americans rely upon oil and gas products every day. Plaintiff seeks to hold Defendants—twelve producers and marketers of oil and gas and one fraudulently joined owner of a pipeline—responsible not only for global climate change, but also for a single, specific localized weather event in 2021.

2. Advancing a sweeping theory, Plaintiff accuses Defendants of a "multi-decade campaign of deception" that impacted interstate and international greenhouse emissions, and global climate change. This campaign, Plaintiff alleges, sought to "mislead[] consumers and the public . . . about the climate impacts of using fossil fuels" which purportedly "increased demand for fossil fuels and decreased demand for clean energy," thereby increasing "greenhouse gas emissions" that have contributed to global climate change. Compl. ¶¶ 1.12, 1.13, 3.12, 4.15, 4.109–4.112. In particular, Plaintiff seeks to hold Defendants liable for the impact of a specific weather event in the Pacific Northwest in June 2021, described as a "Heat Dome." *Id. ¶* 4.1. Plaintiff alleges that the Decedent died due to this Heat Dome and seeks damages related to her death including, but not limited to, "pain, suffering, anxiety, emotional distress, humiliation, and fear Decedent Juliana Leon experienced immediately prior to her death" and "compensatory damages." *Id.* ¶¶ 6.2–6.3.

3. This case is removable because there is diversity jurisdiction. This suit was brought by a Washington Plaintiff against twelve foreign defendants, and the single purported Washington Defendant, Olympic Pipe Line Company LLC ("Olympic Pipe Line"), has been fraudulently joined and procedurally misjoined.

4. Plaintiff seeks to hold Defendants liable for alleged deception and misstatements regarding the purported impact of fossil fuels on the climate. Plaintiff alleges Defendants engaged in a campaign of deception because they "failed to warn and misled consumers about the role of fossil fuels in causing climate change and the resulting harms," and that "[d]eception-induced increased demand for fossil fuels and decreased demand for clean energy directly led to increased greenhouse gas emissions, rendering deception a cause of the [Decedent's] death and the resulting injuries to the

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL

1

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

Estate." Compl. ¶¶ 3.9, 5.24. Plaintiff cannot state a cause of action under this deception-based theory against Olympic Pipe Line and the failure is obvious because Olympic Pipe Line merely transports fossil fuels—the company does not produce, let alone market to consumers, any fossil fuels, so it could not have "failed to warn and misled consumers." Olympic Pipe Line is thus fraudulently joined to defeat diversity jurisdiction.

5. Even if Plaintiff could state a claim against Olympic Pipe Line, the claim would not arise out of the same transaction or occurrence as the deception-based claims alleged against the other Defendants, which further supports a finding of procedural misjoinder.

6. Accordingly, Plaintiff's Complaint should be heard in this federal forum.

## II. TIMELINESS OF REMOVAL

7. Plaintiff filed a Complaint against the Chevron Defendants and other named Defendants in the Superior Court of Washington for King County, Case No. 25-2-15986-8 SEA, on May 29, 2025. Copies of all process, pleadings, or orders in the possession of the Chevron Defendants are attached as Exhibit 1 to the Declaration of Joshua D. Dick, filed concurrently herewith.

8. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after service. 28 U.S.C. § 1446(b). Chevron Corporation was served on June 4, 2025. Dick Decl. ¶ 2; *id.* Ex. 1. All properly joined and served Defendants have consented to removal. *Id.* ¶ 3; 28 U.S.C. § 1446(b)(2)(A). Consent is not required from any Defendant that has not been served. *See* 28 U.S.C. § 1446(b)(2)(A).[1]

## III. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

9. Plaintiff brings claims against Defendants seeking damages and equitable relief for harms allegedly caused by "deceptive conduct [that] has resulted in . . . accelerated alteration of our climate." *See, e.g.*, Compl. ¶ 1.13. Plaintiff asserts the following claims: Wrongful Death and

---

[1] In filing this Notice of Removal, the Chevron Defendants, and all other Defendants, do not waive, and expressly preserve, any right, defense, affirmative defense, or objection, including, without limitation, lack of personal jurisdiction, insufficient process, and/or insufficient service of process. A number of Defendants contend that they are not subject to personal jurisdiction in Washington, and these Defendants intend to preserve that defense and move to dismiss for lack of personal jurisdiction at the appropriate time. *See, e.g.*, *Morris & Co. v. Skandinavia Ins. Co.,* 279 U.S. 405, 409 (1929) (removal to federal court does not waive right to object to personal jurisdiction).

NOTICE OF REMOVAL 2

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

Survival; Failure to Warn; and Public Nuisance. Plaintiff seeks past and future compensatory and other damages, as well as "equitable relief, including but not limited to, a public education campaign to rectify Defendants' decades of misinformation." Compl. ¶¶ 7.1-7.8, Prayer for Relief.

10. Plaintiff's theory depends on Defendants' alleged "deception." Plaintiff alleges that Defendants engaged in a "campaign of deception to downplay and discredit the risk of climate change." Compl. Section Heading E. More specifically, Plaintiff alleges "Defendants have deliberately concealed and distorted material facts about the connection between their fossil fuel products and climate change." *Id.* ¶ 3.12. Plaintiff further asserts Defendants have "failed to warn and misled consumers about the role of fossil fuels in causing climate change and the resulting harms" which "increase[d] the use of fossil fuels in and outside of Washington." *Id.* ¶ 3.9. Plaintiff contends Defendants' alleged deception and misstatements "led to increased greenhouse gas emissions," which has "resulted in very real consequences: accelerated alteration of our climate, extreme weather events (such as heat domes), and loss of life." *Id.* ¶ 1.13.

11. Plaintiff alleges that one such "weather event," for which Defendants are purportedly liable, is the "Heat Dome" event that the Pacific Northwest experienced from June 26 to July 2, 2021, when the region had "unseasonable early-summer temperatures." Compl. ¶ 4.1. Plaintiff alleges that Decedent passed away during and as a result of this Heat Dome. More specifically, Plaintiff alleges that the Decedent elected to undergo bariatric surgery in June 2021. *Id.* ¶ 4.6. Plaintiff claims that, while on a liquid diet post-surgery, the Decedent drove 100 miles south to Seattle for a post-operative appointment on June 28, using her automobile that did not have working air conditioning, when temperatures were 90°F at 8:00 a.m. *Id.* ¶¶ 4.7–4.10. Plaintiff alleges Decedent later succumbed to heat exhaustion and heat stroke and ultimately died of hyperthermia. *Id.* ¶¶ 4.11–4.15.

12. The Chevron Defendants deny that any Washington court has personal jurisdiction over them with respect to Plaintiff's claims, and further deny any liability as to Plaintiff's claims.[2] The Chevron Defendants expressly reserve all rights in this regard.

---

[2] Defendants deny—that Plaintiff is entitled to any of the relief she seeks. A plaintiff's claim "fixes the right of the defendant to remove" whether "well or ill founded in fact." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938); *see also* 14B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3702.1 (4th ed. 2020) ("[A] defendant who seeks to prove that the

Gibson, Dunn & Crutcher LLP

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

13. For purposes of meeting the jurisdictional requirements for removal only, however, the Chevron Defendants submit that removal is authorized under 28 U.S.C. § 1332 because diversity jurisdiction exists where there is complete diversity of citizenship. Here, Plaintiff is a citizen of Washington, none of the properly joined Defendants is a citizen of Washington and thus there is complete diversity, and Plaintiff alleges damages in excess of $75,000. The sole Defendant that purportedly is a citizen of Washington has been fraudulently joined and procedurally misjoined to avoid federal jurisdiction, and should be disregarded for purposes of determining diversity jurisdiction.

14. Defendants do not waive, and expressly reserve, all rights to submit additional arguments and evidence to show that this action is properly removable on the grounds discussed herein.[3]

## IV. THE ACTION IS REMOVABLE BECAUSE THE ONLY ALLEGED WASHINGTON DEFENDANT IS FRAUDULENTLY JOINED AND PROCEDURALLY MISJOINED, AND THUS THERE IS COMPLETE DIVERSITY

15. This action is removable because the requirements of 28 U.S.C. § 1332 for diversity jurisdiction are met. There is complete diversity of citizenship for purposes of federal jurisdiction. Plaintiff is a citizen of Washington, and none of the properly joined Defendants is a citizen of Washington. Plaintiff also seeks damages in excess of $75,000, thereby satisfying the amount-in-controversy requirement.

16. For diversity purposes, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same States as the decedent." 28 U.S.C. § 1332(c)(2). The decedent was a citizen of Washington, so Plaintiff is deemed also a citizen of Washington. Compl. ¶ 2.1.

17. The Complaint names thirteen Defendants. Compl. ¶¶ 2.3–2.8. Based on the allegations in the Complaint and this Notice of Removal, twelve of these Defendants are incorporated and have their principal places of business outside of Washington. *See id.* ¶ 2.3(a) (Exxon Mobil Corp.), ¶ 2.3(d)

---

amount in controversy is greater than the jurisdictional amount does not automatically concede that the jurisdictional amount is recoverable.").

[3] Should Plaintiff challenge this Court's jurisdiction, Defendants reserve the right to further elaborate. *See generally Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014) (discussing requirement that notice of removal need contain only a short and plain statement of basis for removal, to be elaborated on if a remand motion is filed).

NOTICE OF REMOVAL 4

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

Gibson, Dunn & Crutcher LLP

(ExxonMobil Oil Corp.), ¶ 2.4(a) (BP p.l.c.); ¶ 2.4(d) (BP America Inc.); ¶ 2.5(a) (Chevron Corporation); ¶ 2.5(d) (Chevron U.S.A. Inc.); ¶ 2.6(a) (Shell plc); ¶ 2.6(d) (Shell USA, Inc.); ¶ 2.7(a) (ConocoPhillips); ¶ 2.7(d) (ConocoPhillips Company); ¶ 2.7(e) (Phillips 66); ¶ 2.7(f) (Phillips 66 Company). Only one Defendant, Olympic Pipe Line, is alleged to be headquartered in the State of Washington. *Id.* ¶ 2.4(e).

18. Olympic Pipe Line is, however, fraudulently joined and procedurally misjoined in a transparent effort to avoid federal jurisdiction, and its citizenship should therefore be disregarded for the purpose of determining diversity jurisdiction. *See*, *e.g.*, *Wise v. Long*, 668 F. Supp. 3d 1145, 1150 (W.D. Wash. 2023) (finding fraudulent joinder of the only non-diverse Washington defendants and denying motion to remand because "the claims . . . against [the non-diverse defendants] fail to state a claim as a matter of Washington Law").[4]

19. In this action, Plaintiff has sued—by her own account—"*multinational* oil and gas companies that produce, refine, distribute, promote, market, and sell fossil fuels and fossil fuel-based products worldwide." Compl. ¶ 2.2 (emphasis added). Plaintiff claims these companies are responsible for the consequences of climate change because they have "deliberately concealed and distorted material facts about the connection between their fossil fuel products and climate change" (Compl. ¶ 3.12), and this purported "campaign has influenced the public's purchasing and investment decisions for decades, driving increased demand for fossil fuels," Compl. ¶ 5.24.

20. This theory of liability is, however, completely inapplicable to Olympic Pipe Line. It is not a multinational company that produces, markets, or sells fossil fuels across the globe. It makes no statements to end users or other consumers that would influence purchasing decisions or increase demand for fossil fuels. It merely owns the Olympic Pipeline, which transports refined products between Blaine, Washington, and Portland, Oregon.[5] Compl. ¶ 2.4(f).

---

[4] For the same reason, Olympic Pipe Line's citizenship should be disregarded for purposes of the "forum defendant rule," which ordinarily prevents removal based on diversity jurisdiction if one or more defendants are citizens of the forum state. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

[5] *Olympic Pipe Line Company Pipeline Specifications Manual*, Olympic Pipe Line Company, September 10, 2024, https://www.bp.com/content/dam/bp/country-sites/en_us/united-states/home/documents/products-and-services/pipelines/tariffs/specificationsmanual.pdf.

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL

5

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

21. The motivation behind Plaintiff's decision to sue Olympic Pipe Line for the alleged consequences of global climate change is thus obvious. Plaintiff seeks a Washington defendant to keep this case out of federal court, where it belongs. Indeed, of the more than two dozen similar climate change lawsuits that have been brought in recent years by states, tribes, and municipalities around the country—including *three others* in Washington State—this is the only one in which Olympic Pipe Line has been named as a Defendant.

22. Olympic Pipe Line is not alleged to be involved in the exploration, production, refining, marketing, or sale of fossil fuels. Olympic Pipe Line is not alleged to have made any statement or communication, or engaged in any marketing—false or otherwise—regarding climate change or the environment. In fact, *the Complaint attributes no statements or communications to Olympic Pipe Line at all*—let alone a statement that is alleged to be fraudulent or deceptive. Olympic Pipe Line is not alleged to have participated in any scheme of deception or misinformation, in any public relations campaign, or in any political advocacy or lobbying. Olympic Pipe Line is not alleged to have had any early or superior knowledge or understanding of climate change science compared to the general public, nor does the Complaint provide any basis for concluding that it might have had such knowledge. Nor could it. Olympic Pipe Line does not sell any products or make statements to public consumers. It is merely an intermediary common carrier that transports fossil fuels.[6]

23. Critically, and tellingly, after the Complaint introduces Olympic Pipe Line (Compl. ¶¶ 2.4(e)-2.4(h)), the company is mentioned *nowhere else* in the 78-page pleading. That Plaintiff so transparently included a single purported Washington defendant without even attempting to allege any facts about its conduct should be dispositive.

24. Moreover, even though Plaintiff's claims are premised on "the increase in GHG accumulation in the atmosphere" from fossil fuels purportedly attributable to the increase in demand

---

[6] Although Olympic Pipe Line is alleged to have been a member of the Western States Petroleum Association ("WSPA") from 1999-2012, Compl. ¶ 2.4(g), there are no allegations in the Complaint pertaining to WSPA during that time frame. Olympic Pipe Line is not alleged to have been a member of the American Petroleum Institute, the Global Climate Coalition ("GCC"), or any other industry association or group mentioned in the Complaint, or to have ever been involved or associated with such organizations.

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

due to the alleged "campaign of deception," Compl. ¶¶ 4.20-4.21, the Complaint includes no allegations as to the proportion of emissions (either Defendants' or worldwide) that is supposedly attributable to Olympic Pipe Line.

25. All Olympic Pipe Line is alleged to have done in this case is to exist as a citizen of Washington—a status for which it now finds itself hauled into court merely so that Plaintiff may evade the jurisdiction of the federal courts. But the doctrines of fraudulent joinder and procedural misjoinder allow this Court to exercise diversity jurisdiction despite Plaintiff's transparent efforts to avoid it.

26. When "determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). A removing defendant may establish the fraudulent joinder of a non-diverse defendant by showing the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). "[T]he party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined." *Grancare*, 889 F.3d at 549. A defendant is fraudulently joined if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (same). When that happens, "[a] district court may disregard the citizenship of a fraudulently joined defendant in determining whether diversity jurisdiction is present." *ZYZZX 2 v. Wells Fargo Bank, N.A.*, 715 F. App'x 610, 611 (9th Cir. 2017).

27. Here, Olympic Pipe Line has been fraudulently joined because Plaintiff has failed to state a cause of action against Olympic Pipe Line under Washington state law. *See Hunter*, 582 F.3d at 1044. Plaintiff brings three state law claims against Defendants, including Olympic Pipe Line. *See* Compl. ¶¶ 5.1-5.28. That Olympic Pipe Line is alleged to have transported fossil fuels is irrelevant to the claims asserted. Each of Plaintiff's claims is purportedly based on the alleged "multi-decade campaign of deception," *id.* ¶ 1, that resulted in increased fossil fuel emissions that in turn allegedly

Gibson, Dunn & Crutcher LLP

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

resulted in the Heat Dome event, *see id.* ¶¶ 5.1-5.5 (wrongful death claim incorporating paragraphs referring to deception as wrongful conduct); *id.* ¶¶ 5.6-5.18 (Washington Product Liability Act and failure to warn claim against product sellers engaging in "affirmative campaigns to deceive the public"); *id.* ¶¶ 5.19-5.28 (public nuisance claim based on the misleading promotions and dissemination of information related to fossil fuel products). But, as noted above, the Complaint is bereft of any allegation that Olympic Pipe Line, which is alleged to merely own a pipeline and terminal, has made any statement or communication, false or otherwise, of any relevance to this action; that Olympic Pipe Line has in any way participated in any alleged scheme or campaign of deception; or that Olympic Pipe Line knew or had any basis to be aware of the potential negative consequences of fossil fuels on any level greater than the general public. In the absence of any such allegations, Plaintiff is plainly unable to establish any cause of action against Olympic Pipe Line.

28. Instead of any specific allegations, Plaintiff resorts to group pleading, lumping in Olympic Pipe Line with the alleged conduct of the "multinational oil and gas companies" without providing any factual grounds for doing so. For example, Plaintiff alleges that "[s]ince at least the early 1950s, Defendants and their trade associations have known that fossil fuel combustion was the primary cause of $CO_2$ build-up in the atmosphere," Compl. ¶ 4.29. But Olympic Pipe Line *did not even exist until 1971*. Elsewhere, the Complaint alleges that Defendants "led and participated in groups with the intent and effect of eroding public certainty in climate science, retaining demand for fossil fuels, limiting demand for competing energy options and increasing profits," including the International Petroleum Industry Environmental Conservation Association ("IPIECA") and Global Climate Coalition ("GCC"), *id*. ¶ 4.57. But Olympic Pipe Line is never alleged to have been a member of the IPIECA or GCC, or to have been otherwise involved in their activities.

29. If the Complaint's bare, conclusory allegations against Olympic Pipe Line were sufficient to state a claim against Olympic Pipe Line under Washington law, then any company involved in the transportation of gasoline, diesel, or any other fossil fuel products could be sued for damages purportedly caused by climate change, even if its operations were *de minimis* and even if the company *never made a statement about the products it transported or climate change*. Indeed, on this

NOTICE OF REMOVAL

8

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

Gibson, Dunn & Crutcher LLP

theory, any entity or individual that sold, promoted, distributed, or used fossil fuels, or was involved in any step of the commercial supply chain for fossil fuels, could be liable for contributing to global climate change—including an independent gas-station owner, tanker trucks and the independent contractors who drive them, and the motorists who pumped gas into their cars.

30. The inclusion of Olympic Pipe Line as a Defendant, alleged to be liable for the impacts of global climate change, is thus an obvious attempt to evade this Court's jurisdiction. Accordingly, for purposes of determining diversity, the Court should ignore the naming of Olympic Pipe Line in the lawsuit, resulting in complete diversity of citizenship for federal-jurisdiction purposes.

31. For similar reasons, Olympic Pipe Line is also procedurally misjoined. The doctrine of procedural misjoinder permits a court to sever claims against non-diverse defendants when "the joinder of the non-diverse Defendants does not comply with the Federal rules," permitting the Court to retain diversity jurisdiction over the remainder of the case. *Green v. Wyeth*, 344 F. Supp. 2d 674, 683 (D. Nev. 2004); *see also, e.g.*, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Procedural misjoinder occurs when joinder would not be permissible under the applicable rules of civil procedure; here, Federal Rule of Civil Procedure 20 and Washington State Court Superior Court CR 20. *Green*, 344 F. Supp. 2d. at 685. Under both the federal and state joinder rules, claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" to be properly joined. Fed. R. Civ. P. 20(a)(1)(A); Washington Superior Court CR 20(A).

32. As explained *supra,* the Complaint cannot possibly state a cognizable claim against Olympic Pipe Line. But even if a claim were cognizable, it would not arise out of the same transaction or occurrence as the claims alleged against the other Defendants.[7] Olympic Pipe Line is not alleged to be involved in the exploration, production, refining, marketing, or sale of fossil fuels. Olympic Pipe Line is also not alleged to have made any statement or communication regarding climate change or the environment. Olympic Pipe Line is not alleged to have been a member of either the GCC or the

---

[7] Defendants maintain that the claims against them are also not cognizable and fully reserve their rights to contest their adequacy.

NOTICE OF REMOVAL 9

American Petroleum Institute. Thus, any imagined claim against Olympic Pipe Line necessarily would fail to satisfy the standard for joinder—that the claim arise from the same transaction or occurrence.

33. Because the claims against Olympic Pipe Line are not properly joined under the applicable rules of civil procedure, those claims are "procedurally misjoined" and should be severed from this case and disregarded for removal purposes. As the *Green* court explained, the doctrine of procedural misjoinder should be applied where, as here, "the joinder is procedurally inappropriate and clearly accomplishes no other objective than the manipulation of the forum, and where the rights of the parties and interest of justice is best served by severance." *Green*, 344 F. Supp. 2d at 685.

34. Finally, the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co.*, 574 U.S. at 87 ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). "Where the face of the complaint does not state the amount in controversy, a court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Hammarlund v. C.R. Bard, Inc.*, 2015 WL 5826780, at *1 (C.D. Cal. Oct. 2, 2015). It is "facially apparent" that Plaintiff seeks relief in excess of $75,000, thus satisfying the amount-in-controversy requirement. *See, e.g.*, Compl. ¶¶ 6.2-6.3 (claiming damages due to "pain, suffering, anxiety, emotional distress, humiliation and fear Decedent Juliana Leon experienced immediately prior to her death"). Although Defendants deny all these allegations and fully reserve their rights to contest their adequacy for pleading purposes or otherwise, the value of Plaintiff's claims meets the amount-in-controversy requirement of 28 U.S.C. § 1332. Accordingly, this action is removable under 28 U.S.C. § 1441(a) and (b)(2).

## V. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

35. Based on the allegations in the Complaint, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441(a) and 1446.

Gibson, Dunn & Crutcher LLP

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000

36. The United States District Court for the District of Washington is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff originally filed this case, in the Superior Court of Washington for King County. *See* 28 U.S.C. § 1441(a).

37. All Defendants that have been properly joined and served have consented to the removal of the action, *see* Dick Decl. ¶ 3, and there is no requirement that any party not properly joined and served must consent. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring consent only from "all defendants who have been properly joined and served"). Copies of all process, pleadings, and orders from the state-court action being removed to this Court that are in the possession of the Chevron Defendants are attached hereto as Exhibit 1 to the Dick Declaration. Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders" received by the Chevron Defendants in the action. Upon filing this Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel, and will file and serve this Notice upon the Clerk of the Superior Court of Washington for King County, pursuant to 28 U.S.C. § 1446(d).

38. Accordingly, Defendants Chevron Corporation and Chevron U.S.A. Inc. remove to this Court the above action pending against it in the Superior Court of the State of Washington.

DATED: June 25, 2025.	**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By:	*s/ Robert M. McKenna*
Robert M. McKenna (WSBA No. 18327)
rmckenna@orrick.com

By:	*s/Mark S. Parris*
Mark S. Parris (WSBA No. 13870)
mparris@orrick.com

By:	*s/Aaron P. Brecher*
Aaron P. Brecher (WSBA No. 47212)
abrecher@orrick.com

401 Union Street, Suite 3100
Seattle, WA 98101
Telephone: 206.839.4300
Facsimile: 206.839.4301

**GIBSON, DUNN & CRUTCHER LLP**

By: *s/Theodore J. Boutrous*
Theodore J. Boutrous, Jr., *pro hac vice forthcoming*
tboutrous@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

By: *s/Joshua D. Dick*
Joshua D. Dick, *pro hac vice forthcoming*
jdick@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.374.8451

*Attorneys for Defendants Chevron Corporation and Chevron U.S.A. Inc.*

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL

12

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE,
LOS ANGELES, CA 90071-3197
213.229.7000