UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MISTI LEON, as personal representative of the ESTATE OF JULIANA LEON,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, et al.,<br><br>Defendants. | CASE NO. C25-1190 MJP<br><br>ORDER ON MOTION TO SEAL |

This matter comes before the Court on Defendant Olympic Pipe Line Company LLC's Motion to Seal. (Dkt. No. 65.) Having reviewed the Motion and all supporting materials, and noting the lack of any opposition, the Court GRANTS in part and DENIES in part the Motion.

Olympic asks the Court to seal portions of the declaration of Christine Miller and the entire declaration of Sandra Rutova. (Dkt. Nos. 69 and 70.) Olympic explains that these declarations identify the names of certain investors whose identities are not generally known and

ORDER ON MOTION TO SEAL - 1

1 | where the investment companies sponsoring the vehicles have agreed to keep investor identities
2 | confidential. (See id.; Dkt. No. 65.)
3 |       The party seeking to keep material filed under seal must meet either the "good cause" or
4 | "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092,
5 | 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the
6 | materials are filed] is more than tangentially related to the merits of a case." Id. Here, the good
7 | cause standard applies, as the materials were filed on an issue concerning subject matter
8 | jurisdiction, which is not related to the merits of the case.
9 |       Olympic has not demonstrated good cause to seal the declaration of Sandra Rutova.
10 | Rutova filed her declaration under seal on behalf of Sixth Street Partners, LLC, identifying the
11 | Washington State Investment Board as one of the investors in a Sixth Street investment vehicle.
12 | (Rutova Decl. ¶¶ 2-4.) This same information is disclosed publicly in Olympic's Response to the
13 | Order to Show Cause. (Dkt. No. 68 at 1-2.) The only other information in Rutova's declaration
14 | that appears undisclosed in the Response is the name of the specific investment vehicle and the
15 | percentage ownership in BP Midwest Product Pipelines Holdings, LLC. But the only basis
16 | advanced for sealing Rutova's declaration is her representation that the identities of investors in
17 | Sixth Street funds is confidential and that "certain of the agreements pursuant to which such
18 | investors are invested Lerado require Sixth Street to maintain such investors' information on a
19 | confidential basis subject to certain exceptions." (Rutova Decl. ¶ 6.) While the Court accepts
20 | these statements as true, they do not explain why disclosure of the name of the Sixth Street fund
21 | or the percent ownership of BP Midwest Product Pipelines Holdings, LLC would disclose non-
22 | public information or information that might cause Sixth Street to violate contractual obligations
23 | or be harmed. Sixth Street has only explained that its investors' identities are non-public and
24 |

confidential information that should be kept secret, but that information was already disclosed publicly in response to the Order to Show Cause. Accordingly, the Court DENIES the Motion to Seal as to Rutova's declaration.

But the Court finds good cause to seal the small, redacted portion of Miller's declaration which identifies the name of an investor who has not been publicly disclosed. As Miller avers, "the contractual subscription agreement by which fund investors participate in ArcLight Fund VI requires ArcLight and ArcLight Fund VI to maintain investors' information as confidential." (Miller Decl. ¶ 7.) And ArcLight Energy Partners Fund VI, L.P., itself treats investor identifies as confidential and private and Miller claims it would suffer reputation harm and potential liability if the identities of its investors were disclosed. (Id. ¶ 9.) Miller's declaration reasonably redacts the name of an investor, and the Court finds good cause to seal this information, as disclosure could here cause the harms Miller has identified. Accordingly, the Court GRANTS the Motion as to Miller's declaration.

Lastly, the Court declines to enter a protective order, as Olympic requests. Olympic claims that the parties might be able to use the information from the two declarations in a way that "prejudices the private interests" of the customer names in the declarations. (Mot. at 7.) But there is only one investor whose identity is not yet public, and there is no indication or reason set forth why this information would be used further in this case by either party. The Court believes that any concerns about the use of the information can be resolved through negotiation between the Parties, and, if necessary, by the King County Superior Court upon remand.

In sum, the Court DENIES the Motion as to Rutova's declaration and GRANTS the Motion as to Miller's declaration. The Court directs the Clerk to UNSEAL Rutova's declaration


confidential information that should be kept secret, but that information was already disclosed publicly in response to the Order to Show Cause. Accordingly, the Court DENIES the Motion to Seal as to Rutova's declaration.

But the Court finds good cause to seal the small, redacted portion of Miller's declaration which identifies the name of an investor who has not been publicly disclosed. As Miller avers, "the contractual subscription agreement by which fund investors participate in ArcLight Fund VI requires ArcLight and ArcLight Fund VI to maintain investors' information as confidential." (Miller Decl. ¶ 7.) And ArcLight Energy Partners Fund VI, L.P., itself treats investor identifies as confidential and private and Miller claims it would suffer reputation harm and potential liability if the identities of its investors were disclosed. (Id. ¶ 9.) Miller's declaration reasonably redacts the name of an investor, and the Court finds good cause to seal this information, as disclosure could here cause the harms Miller has identified. Accordingly, the Court GRANTS the Motion as to Miller's declaration.

Lastly, the Court declines to enter a protective order, as Olympic requests. Olympic claims that the parties might be able to use the information from the two declarations in a way that "prejudices the private interests" of the customer names in the declarations. (Mot. at 7.) But there is only one investor whose identity is not yet public, and there is no indication or reason set forth why this information would be used further in this case by either party. The Court believes that any concerns about the use of the information can be resolved through negotiation between the Parties, and, if necessary, by the King County Superior Court upon remand.

In sum, the Court DENIES the Motion as to Rutova's declaration and GRANTS the Motion as to Miller's declaration. The Court directs the Clerk to UNSEAL Rutova's declaration

1  (Dkt. No. 70) and MAINTAIN Miller's declaration (Dkt. No. 69) UNDER SEAL. The Court

2  DENIES the request for a protective order.

3      The clerk is ordered to provide copies of this order to all counsel.

4      Dated October 28, 2025.

Marsha J. Pechman
United States Senior District Judge